FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON, CITY AND COUNTY OF SPOKANE, SPOKANE SUPERIOR COURT-JUVENILE JUSTICE DIVISION, & CASA, et al.,<br><br>    Defendants. | NO: 2:24-CV-0325-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss. ECF No. 7. This matter was submitted for consideration without oral argument. Plaintiff has not responded to the Motion to Dismiss, timely or otherwise. The Court has reviewed the briefing and the record and the files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

1    Plaintiff, John-Michael Ray Durham ("Durham"), proceeding *pro se*, filed a

2 complaint September 23, 2024, against Defendants alleging constitutional

3 violations related an adverse dependency ruling in Superior Court State of

4 Washington.  ECF No. 1.  Rather than pursue a direct appeal or motion to

5 terminate the dependency order in Washington state courts, Plaintiff seeks a *de*

6 *facto* appeal of the dependency ruling in the federal court alleging various civil tort

7 claims for damages, as well as injunctive and declaratory relief.

8    "[A] federal district court does not have subject matter jurisdiction to hear a

9 direct appeal from the final judgment of state court"; such matters are barred by the

10 *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir 2003).  If a

11 federal court finds that it lacks subject matter jurisdiction, it must dismiss the

12 action.  *See* Fed. R. Civ. P. 12(h)(3).

13    Plaintiff has not shown that this Court has jurisdiction over any of the named

14 Defendants.  Furthermore, Judges are absolutely immune from civil damages suits

15 for acts performed within their judicial capacity.  *See, e.g., Taggart v. State*, 118

16 Wn.2d 195, 203 (1992).  Court clerks and others who carry out the judges direction

17 are also immune.

18    Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

19 *pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

20 good faith standard is an objective one, and good faith is demonstrated when an

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED**.
2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED with prejudice**.
3. Plaintiffs' pending motions before the Court are **DENIED as moot.**
4. Plaintiff's *in forma pauperis* status is **REVOKED.**

The District Court Executive is hereby directed to enter this Order, furnish copies to the parties, enter judgment for Defendants, and **CLOSE** the file.

**Dated** November 29, 2024.

THOMAS O. RICE
United States District Judge